**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| DANIEL MERINO, | ) Case No. CV 13-8616-VAP (JPR) |
| Petitioner, | ) |
| v. | ) ORDER ACCEPTING FINDINGS AND |
| | ) RECOMMENDATIONS OF U.S. |
| SHAWN HATTON, Warden, | ) MAGISTRATE JUDGE |
| | ) |
| Respondent. | ) |

The Court has reviewed the Petition, the records on file — including the briefing on Petitioner's request for leave to amend the Petition — and the Report and Recommendation of U.S. Magistrate Judge. See 28 U.S.C. § 636. On October 6, 2016, Petitioner filed objections to the R. & R. Petitioner acknowledges that the Magistrate Judge's recitation of the relevant proceedings and background of the motion for leave to amend (see R. & R. at 1-5) is "correct" but claims she left out some dates and proceedings (see Objs. at 1-2); those events, however, are not relevant to the Magistrate Judge's analysis, and indeed Petitioner does not rely on them either.

Petitioner also takes issue with the Magistrate Judge's observation that his claims lacked citation to the record and that for that reason and others he may not have "fairly presented" ground three to the California Supreme Court in order

to exhaust it. (See id. at 4-6.) But the Magistrate Judge ultimately concluded that the claim was exhausted (see R. & R. at 10), and thus Petitioner's objections, even if well founded, have no bearing on the analysis.

In arguing that ground three was timely — contrary to the Magistrate Judge's conclusion — Petitioner points to delays caused by the state courts. (See Objs. at 6-7.) But those delays are irrelevant, as the Magistrate Judge pointed out (see R. & R. at 14), because they all occurred after the limitation period had already expired. Petitioner also contends that "Respondent failed to raise the statute of limitations in its first responsive pleading on April 28, 2014, and therefore Respondent waived the statue of limitations as an affirmative defense." (Objs. at 7; see also id. at 8.) But the April 28 pleading was Respondent's motion to dismiss on exhaustion grounds; at that time, the claims were timely and thus Respondent would have had no reason to assert a statute-of-limitations defense. Respondent noted, however, that if Petitioner did subsequently try to exhaust his claims in state court, he might later argue "in the California Supreme Court or in this Court" that they were barred for other reasons. (Mot. Dismiss at 5 n.3.) Thus, Petitioner's waiver claim cannot succeed.

The Court accepts the findings and recommendations of the Magistrate Judge in the R. & R. as well as her findings and conclusions in the August 26 and September 15, 2014 orders. IT THEREFORE IS ORDERED that Petitioner's motion for leave to amend the Petition is denied except insofar as the "alibi" portion of proposed ground three is subsumed by ground one.

Respondent is ordered to file an answer to grounds one, two, and four of the Petition within 30 days of the date of this Order.

DATED: <u>November 1, 2016</u>

                                  VIRGINIA A. PHILLIPS
                                  CHIEF U.S. DISTRICT JUDGE