# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DANIEL MERINO,<br><br>　　　　　Petitioner,<br><br>　　v.<br><br>SHAWN HATTON, Warden,<br><br>　　　　　Respondent. | Case No. CV 13-8616-VAP (JPR)<br><br>ORDER ACCEPTING FINDINGS AND RECOMMENDATIONS OF U.S. MAGISTRATE JUDGE |

　　The Court has reviewed the Petition, records on file, and Report and Recommendation of U.S. Magistrate Judge. See 28 U.S.C. § 636. On January 5, 2018, Petitioner filed Objections to the R. & R., mostly just repeating arguments from the Petition and Reply.

　　In the R. & R., the Magistrate Judge pointed out that Petitioner had never submitted a declaration of counsel to support his ineffective-assistance-of-counsel claim or stated that he tried to get one and counsel wouldn't cooperate. (See R. & R. at 14-15.) In his Objections, Petitioner seems to confirm that he never approached counsel for a declaration:

> [I]t is impossible to have defendant's lawyers from trial answer any of the letters because a declaration will certainly incriminate their jobs and put their careers in question. This is why Petitioner appeals to this court

to review the fact that a map exists and since the court
has the ability to get a copy faster than Petitioner
would be able to do.

(Objs. at 3.)[1]  But even if he did try to get a declaration and was unable to do so, the Magistrate Judge fully explained why he nonetheless was not entitled to relief.  (See R. & R. at 15-17.)

Having reviewed de novo those portions of the R. & R. to which Petitioner objected, the Court accepts the findings and recommendations of the Magistrate Judge.  IT THEREFORE IS ORDERED that the Petition be denied and Judgment be entered dismissing this action with prejudice.

DATED: January 23, 2018

VIRGINIA A. PHILLIPS
CHIEF U.S. DISTRICT JUDGE

---

[1] Petitioner states that he tried to get a copy of the map from the District Attorney, but she "refuse[d] to answer." (Objs. at 3.)  But Petitioner's letter to the D.A. asked for the "exhibit list" from trial as well as "[t]he exhibit list before the exhibits were argued to be admitted into evidence."  (See Objs., Ex. A.)  As the Court understands it, Petitioner's counsel never contemplated trying to introduce the map into evidence because he believed he couldn't lay a foundation for it (see R. & R. at 15-16), so Petitioner's request did not cover the map in any event.

2